**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3707-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WALTER A. TORMASI,

    Defendant-Appellant.

_____

Submitted March 18, 2025 – Decided April 17, 2025

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 97-12-0563.

Walter A. Tormasi, appellant pro se.

John P. McDonald, Somerset County Prosecutor, attorney for respondent (Terence J. Ford, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an April 14, 2023 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He maintains plea counsel "coerced" him into pleading guilty to third-degree theft by receiving stolen property thus depriving him of the effective assistance of counsel and violating his due process rights. We disagree.

During defendant's plea colloquy on February 27, 1998, he initially refused to confirm he was aware the golf equipment—a set of golf clubs, two pairs of golf shoes, and a golf bag—valued at approximately $3,000, and that he received from a friend and tried to sell for $500 to a sporting goods store, was stolen. After the trial court refused to accept defendant's plea, the proceeding was recessed to allow plea counsel to speak privately with defendant. When the plea colloquy renewed, defendant admitted that he believed the equipment was stolen and the court accepted his plea. In response to the court's inquiry that he seemed confused during his initial colloquy, defendant stated, "my [counsel] and I went over the facts, and I determined its evident that I thought [the golf equipment] was probably stolen, and that is the case here." Defendant was later sentenced to a four-year prison term to run concurrent to a life sentence with 30 years of parole ineligibility for first-degree murder under a separate indictment.

We affirmed defendant's receiving stolen property conviction and sentence.  State v. Tormasi, No. A-5530-97 (App. Div. July 20, 2001), certif. denied State v. Tormasi, 171 N.J. 42 (2002).  He filed a timely self-represented PCR petition on July 8, 2002.  The petition was supplemented in 2006, but for reasons that are not clear in the record, it was not heard until it was assigned to the PCR judge and argued on March 23, 2023.  By that time, defendant had been assigned PCR counsel, who supplemented the PCR petition with a motion to withdraw defendant's guilty plea.  The PCR judge reserved decision and issued his order and a thirty-four-page written opinion denying PCR and the motion to withdraw the guilty plea on April 14.[1]

On appeal, defendant argues:

> POINT I
>
> DEFENSE COUNSEL'S CONDUCT DURING AN OFF-THE-RECORD RECESS RENDERED DEFENDANT'S GUILTY PLEA INVOLUNTARY, DEPRIVING DEFENDANT OF HIS RIGHT TO DUE PROCESS OF LAW AND EFFECTIVE ASSISTANCE OF COUNSEL.

---

[1] We do not address the denial of the motion to withdraw the guilty plea because defendant does not appeal that ruling.  In fact, defendant expressly "repudiates" PCR counsel's filing of the motion.

3

POINT II

GIVEN THE FACTS AND CIRCUMSTANCES SURROUNDING DEFENDANT'S DUE-PROCESS AND INEFFECTIVE ASSISTANCE CLAIMS, DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING TO SUBSTANTIATE DEFENSE COUNSEL'S OFF-THE-RECORD COERCION.

We are unpersuaded.

To decide if defendant established by a preponderance of evidence that he received ineffective assistance of counsel, the PCR judge applied the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The first prong is whether counsel's performance was deficient due to errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment of the United States Constitution. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52. The second prong is whether the deficient performance prejudiced defendant's rights to a fair trial such that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland 466 U.S. at 694; Fritz, 105 N.J. at 52.

A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing if a defendant establishes a prima facie showing in support of the requested relief. State v. Preciose, 129 N.J. 451, 462 (1992). An evidentiary hearing is only needed if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013).

The PCR judge noted that because plea counsel had passed away, the only evidence of whether he was ineffective is defendant's PCR certification referencing the plea hearing transcript. Thus, the judge found an evidentiary hearing was unnecessary. Based on his review of the transcript review, the judge held "[t]here is no indication . . . that [plea] counsel made any errors, that would classify him as unfit and not meeting the level of performance that any counsel is to provide for their client." The judge specifically noted "the transcript clearly shows" that counsel "help[ed] [defendant] to understand the charges against him, even going further in assisting him by clearing up a confusion regarding [his] answers to the court." The judge further noted that because defendant was also sentenced to thirty years to life, "[t]he guilty plea as to the charge of receiving stolen property would not have impacted the length of sentence [he] was going to receive."

5

For the reasons the PCR judge expressed in his cogent written opinion, we conclude that defendant failed to make a prima facie case of ineffective assistance of counsel and was not entitled to an evidentiary heraing. We add the brief following remarks.

Defendant's certification that plea counsel coerced him to plead guilty are bald assertions which are insufficient to sustain a claim of ineffective assistance of counsel. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[T]o establish a prima facie claim, a [defendant] must do more than make bald assertions that [they were] denied the effective assistance of counsel."). Moreover, defendant has not shown there is a reasonable probability he would not have pled guilty and would have gone to trial. See State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (holding a defendant must show that, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so."). The PCR court did not abuse its discretion in declining to conduct an evidentiary hearing because defendant failed to establish a prima facie showing of ineffective assistance of counsel in support of the requested relief. See Preciose, 129 N.J. at 462.

A-3707-22

To the extent we have not addressed any of defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3707-22